UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DARLENE WHALEY,
an individual

      Plaintiff,

CASE NO:   3-11-cv-481-S

vs.

CHURCHILL DOWNS INCORPORATED,

      Defendant.

_____/

## COMPLAINT

Plaintiff, Darlene Whaley ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues Churchill Downs Incorporated, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq*., ("Americans with Disabilities Act" or "ADA") and allege:

### JURISDICTION AND PARTIES

1.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2.     Venue is proper in this Court, the Western District of Kentucky pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Western District of Kentucky.

3.     Plaintiff, Darlene Whaley (hereinafter referred to as "Whaley") is a resident of the State of Alabama and is a qualified individual with a disability under the ADA. Whaley suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she

is an amputee who requires the use of a wheelchair for mobility.  Prior to instituting the instant action, Whaley visited the Defendant's premises at issue in this matter and was denied full, safe and equal access to the subject property of Defendant due to its lack of compliance with the ADA. Whaley travels to Louisville, Kentucky frequently to visit with friends who reside there and continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4.        The Defendant, Churchill Downs Incorporated, is a corporation registered to do business and, in fact, conducting business in the State of Kentucky.  Upon information and belief, Churchill Downs Incorporated (hereinafter referred to as "CDI") is the owner, lessee and/or operator of the real properties and improvements which is the subject of this action, specifically the Churchill Downs racetrack (hereinafter referred to as the "Racetrack") located in Louisville, Kentucky.

5.        All events giving rise to this lawsuit occurred in the Western District of Kentucky.

### COUNT I - VIOLATION OF THE ADA

6.        On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*.  Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements.  The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7.        Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Racetrack owned by CDI is a place of public accommodation in that it is a thoroughbred and standardbred racetrack and entertainment facility that is owned and operated by a private entity and that provide goods and services to the public.

8.        Defendant, CDI has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of

2

goods, services, facilities, privileges, advantages and/or accommodations at the Racetrack in derogation of 42 U.S.C §12101 *et seq*.

9.      The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Racetrack owned by CDI.  Prior to the filing of this lawsuit, Plaintiff visited the Racetrack at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact. In addition, Plaintiff continues to desire and intends to visit the Racetrack, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access that remain at the Racetrack in violation of the ADA.  Whaley has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11.     CDI is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

     (i)       Parking spaces designated as accessible lack raised signs.

     (ii)      There is no designated van accessible parking provided.

     (iii)     Wheelchair accessible portable toilets are not provided.

     (iv)     The ramp leading from the lobby lacks handrails.

     (v)       In the grandstand seating areas, many stairs lack handrails.

     (vi)     On levels 4, 5 and 6, where there are places provided for spectators to stand, there are no places for people who use a wheelchair.

     (vii)    The service counters at the wagering windows are too high for a wheelchair user.

(viii)      Many ramps leading to the seating areas lack handrails (such as that leading to the accessible seating on level 3).

(ix)      Some of the ramps leading to the seating areas are too steep (such as those leading to the accessible seating on level 3).

(x)      Many service counters at refreshment stands are too high for a wheelchair user.

(xi)      One of the toilet rooms on the ground level lacks an accessible toilet stall; the paper towel dispenser is too high; the mirror is too high; there is insufficient maneuvering clearance at the door for a wheelchair user to exit the toilet room; the toilet room door is too heavy; and directional signage is not posted to indicate the location of an accessible toilet room.

(xii)      Upon information and belief, there is an insufficient number of wheelchair accessible toilet rooms.

(xiii)      The service counter at the Daily Racing Forms kiosk is too high for a wheelchair user.

(xiv)      The doors to the General Office are too heavy.

(xv)      The service counter at the General Office concierge desk is too high for a wheelchair user.

(xvi)      The talk-through baffle at the general box office ticket window is too high for a wheelchair user.

(xvii)      The door of the gift shop's toilet room is too heavy for a wheelchair user.

(xviii)      Upon information and belief, there is an insufficient number of accessible seating positions and companion seating positions and many seating positions designated as accessible lack unobstructed sight lines.

12.      There are other current barriers to access and violations of the ADA at the Racetrack owned and operated by CDI which were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13.      To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14.     Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, CDI was required to make its Racetrack, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, CDI has failed to comply with this mandate.

15.     Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have its reasonable attorney's fees, costs and expenses paid by CDI pursuant to 42 U.S.C. §12205.

16.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against Churchill Downs Incorporated and request the following injunctive and declaratory relief:

A.     That the Court declare that the property owned and administered by Defendant is violative of the ADA;

B.     That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.     That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

D.     That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E.     That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 22nd day of August 2011.

Respectfully submitted,

5

/s/ Edward I. Zwilling
Edward I. Zwilling, Esq.
Schwartz Zweben, LLP
600 Vestavia Parkway, Suite 251
Birmingham, Alabama 35216
Telephone:      (205) 822-2701
Facsimile:      (205) 822-2702
Email: ezwilling@szalaw.com


/s/ Jerry N. Higgins
Jerry N Higgins, Esquire
Law Office of Jerry N. Higgins, PLLC
Kentucky Bar No: 90310
3426 Paoli Pike
Floyds Knobs, IN  47119
(502) 625-3065-Telephone
(502) 625-7264-Facsimile
Email:  jnh@jerryhigginslaw.com