UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| **DARLENE WHALEY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 3:11-CV-00481-JGH |
| vs. ) | |
| ) | |
| **CHURCHILL DOWNS** ) | |
| **INCORPORATED,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

## CONSENT DECREE

**IT IS HEREBY** stipulated and agreed by and between Plaintiff, Darlene Whaley, ("Plaintiff"), Defendant, Churchill Downs Incorporated, ("Defendant") and the Kentucky Derby Museum ("KDM") (collectively, "the Parties") as follows:

**WHEREAS**, Plaintiff filed this action against Defendant for its alleged violations of Title III of the Americans with Disabilities Act, 42 U.S.C. Section 12181, *et seq.* ("ADA") at Churchill Downs located at 700 Central Avenue, Louisville, Kentucky, pursuant to which Plaintiff sought a permanent injunction and attorney's fees, expenses and costs;

**WHEREAS,** although not owned or leased by Defendant, Plaintiff's action included alleged violations of Title III of the Americans with Disabilities Act, 42 U.S.C. Section 12181, *et seq.* ("ADA") at the Kentucky Derby Museum located at 704 Central Avenue, Louisville, Kentucky, pursuant to which Plaintiff sought a permanent injunction and attorney's fees, expenses and costs;

**WHEREAS**, subject to the terms set forth herein, Plaintiff, Defendant and KDM have agreed to finally resolve any and all claims and disputes by and between them;

**WHEREAS,** subject to the terms set forth herein, Plaintiff and KDM have agreed to resolve any and all threatened claims and disputes between them;

**WHEREAS,** the Parties desire to avoid further expense, time, effort and uncertainty in regard to this action; and

**NOW, THEREFORE,** in consideration of the promises and the mutual covenants and undertakings contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the Parties, the Parties hereto, intending to be legally bound, hereby agree to the following terms and conditions as full and complete settlement of this action:

**I. ALTERATIONS AND IMPROVEMENTS.**

Defendant agrees to remove the alleged barriers on its property at 700 Central Avenue, Louisville, Kentucky, pursuant to the remedial recommendations identified by the parties' jointly agreed-upon ADA Title III consultant, Kirk Tcherneshoff, (hereinafter "Tcherneshoff Consulting, Inc.") as agreed to by the Parties as set forth in their Stipulation of Settlement, and subject to the timetable, phases and terms as set forth in Section III B below. KDM agrees to remove the alleged barriers on its property at 704 Central Avenue, Louisville, Kentucky, pursuant to the remedial recommendations identified by the parties' jointly agreed-upon ADA Title VII consultant, Tcherneshoff Consulting, Inc., subject to the timetable, phases, and terms as set forth in Section III B below.

## II. JURISDICTION.

The Parties hereto agree that this Consent Decree and its construction and interpretation shall be governed by Kentucky law.  The Parties further agree that this Court shall retain jurisdiction to enforce, as necessary, the provisions of this Consent Decree.

## III. ENFORCEMENT CONSIDERATIONS.

**A.   READILY ACHIEVABLE.**  The Parties hereto acknowledge that the barrier removal agreed to by the Parties and as set forth in this Consent Decree consists of what the Parties believe to be readily achievable and technically feasible pursuant to and for the purposes of Title III of the ADA. The Parties further agree that where, upon implementing the agreed-upon modifications,[1] it is subsequently discovered that an identified barrier is not technically feasible to be removed in compliance with the ADAAG, or state or local law governing such alterations, Defendant and KDM agree to consult with Tcherneshoff Consulting Inc., to provide equivalent facilitation for removal of those barriers or, in the event of that impossibility, as determined and documented by the appropriate structural, engineering or mechanical discipline, that barrier removal be provided up to the level that is as readily achievable as possible, and that such modifications shall be considered to be in full compliance with the nondiscrimination requirements of Title III of the ADA.

---

[1] For purposes of this Consent Decree, the word "modifications" is defined as one made for purposes of barrier removal under Title III of the ADA.

**B. TIME FRAME.**

1. Defendant and KDM agree to complete the modifications to their respective properties as identified and reported upon by Tcherneshoff Consulting Inc., within five (5) years from the date of entry of this Consent Decree. The Parties agree that the agreed-upon modifications will proceed pursuant to the following phases and within the stated time periods with respect to each phase:

    - Phase 1 – Modifications to parking and property entrances shall be completed within one (1) year from the date of entry of this Consent Decree.

    - Phase 2 – Removal of barriers related to goods and services: concessions and/or food services; betting windows, counters and machines; restrooms; seating; and paths of travel to access same. Such barrier removal is to commence no later than two (2) years from the date of entry of this Consent Decree, and to be completed no later than four (4) years following the date of entry of this Consent Decree.

    - Phase 3 - Miscellaneous barrier removal not otherwise identified in phases 1 and 2 to be completed no later than five (5) years from the date of entry of this Consent Decree.

2. Defendant and KDM shall notify Plaintiff's representative upon completion of each of the three (3) phases. To the extent

requested by Plaintiff's representatives, said representatives shall be provided reasonable access to the respective facilities to verify completion on two (2) occasions: any time after year one (1) but no later than year three (3) from the date of entry of this Consent Decree and upon completion of all phases.  Defendant and KDM also agree to maintain records as to the completion and/or status of the agreed modifications during each phase, and at the completion of each phase will provide digital photos evidencing that the modifications for such phase were completed as agreed.  Once a particular phase has been completed and verified by Plaintiff's representative, either by inspection or by digital photograph, that particular modification and/or phase is not subject to further inspection or scrutiny.

**C.** **NON-COMPLIANCE.**  In the event the alterations and modifications required hereby are not timely completed in all respects, Plaintiff shall be entitled to seek an award for injunctive relief from the Court.  The Parties agree that if Defendant has timely commenced the modifications required hereby pursuant to the Section III B above, and has proceeded with the completion thereof in good faith and with due diligence, but has been delayed in the completion thereof due to acts of God, *force majeure*, or events beyond the control of Defendant or KDM (such as inability to obtain building or zoning permits, failure of the county inspectors to make

inspections, contractor defaults, work stoppages, etc.), and should the Defendant and/or KDM notify the Plaintiff of such prior to the expiration of the time periods agreed to herein, the time periods for completion established hereby shall be extended appropriately.

D. **ATTORNEY'S FEES.** If any action or proceeding is commenced with regard to the subject matter of the Stipulation of Settlement, then the prevailing party in such action or proceeding shall be entitled to have its reasonable attorney's fees and costs incurred, as determined by the Court, in said action or proceeding, promptly reimbursed by the non-prevailing party.

## IV. NON-ADMISSION OF LIABILITY.

Neither this Consent Decree nor anything contained herein shall constitute or is to be construed as an admission by the Defendant or KDM, or by any officials, contractors or agents of Defendant or KDM, of a violation of any federal, state or local statute, any state or municipal fire safety or building code, or as evidence of any other liability, wrongdoing, or unlawful conduct. The Parties acknowledge that this Consent Decree has been entered into by the Parties to avoid the costs and expenses of continued litigation and to settle disputed claims.

## V. DISMISSAL OF ACTION.

**Accordingly**, and for the foregoing reasons, this matter shall be **DISMISSED WITH PREJUDICE, subject to the court retaining jurisdiction for enforcement purposes only.**

- 7 -

**SO ORDERED.**

Having seen and agreed to:

/s/ Emily H. Morris
Susan C. Sears
ssears@littler.com
Emily H. Morris
emorris@littler.com
Littler Mendelson, P.S.C.
333 West Vine Street, Suite 1620
Lexington, KY  40507
Telephone: 859.317.7970

*Attorneys for Defendant*
*Churchill Downs Incorporated*


/s/ Edward I. Zwilling (with permission)
Edward I. Zwilling
ezwilling@szalaw.com
Schwartz Zweben, LLP
600 Vestavia Parkway, Suite 251
Birmingham, Alabama 35216
Telephone:   (205) 822-2701
Facsimile:    (205) 822-2702

*Attorney for Plaintiff*
*Darlene Whaley*